WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Gregory P LaPorta,
Plaintiff,
v.
Corporation for Public Broadcasting, et al.,
Defendants.

No. CV-25-08266-PCT-SHD

**ORDER**

Pending are Plaintiff Gregory P. LaPorta's Motion for Default Judgment (Doc. 19) and Motion for Summary Judgment (Doc. 28); Defendant National Public Radio's ("NPR") Motion to Dismiss (Doc. 23); and Defendant United States Small Business Administration's ("SBA") Motion to Dismiss (Doc. 44).[1] The motions to dismiss are fully briefed. (Docs. 32, 34, 45, 46.) The three other defendants were defaulted and have not responded to the motion for default judgment.

## I. BACKGROUND

LaPorta, who proceeds pro se, is the former president and chief executive officer of Las Vegas Public Radio Inc./KIOF ("LVPRI"), a "former organization" that operated a radio station in the Las Vegas area. (Doc. 1 at 8.) LaPorta filed this action on December 15, 2025, naming six defendants: the Corporation for Public Broadcasting ("CPB"), the SBA, NPR, the State of Nevada ("Nevada"), Clark County, and the Las Vegas Metropolitan Police Department ("Police Department"). (*Id.* at 1–2.)

[1] I find these motions suitable for decision without oral argument. *See* LRCiv 7.2(f).

The Complaint's central grievance is that a series of institutions denied LVPRI public-broadcasting funding and related support, culminating in the July 2025 lapse of LVPRI's 48,000-watt Federal Communications Commission ("FCC") construction permit, an event LaPorta alleges destroyed LVPRI and damaged the "Las Vegas Public Radio brand." (*Id.* at 4, 8.) Relevant here, LaPorta alleges the SBA refused to reissue COVID-19 disaster-loan funds that LVPRI borrowed and repaid. (*Id.* at 8.) LaPorta further alleges that NPR, through a member-station attorney, "threatened Plaintiff at his residence [in 2013] because it did not want the Las Vegas Public Radio brand name used because it would cause 'confusion.'" (*Id.*) He also alleges that NPR received federal funds that LaPorta now seeks to "claw back." (*Id.*) As for his claims against Nevada, Clark County, and the Police Department, LaPorta alleges that Nevada denied LVPRI "all budgetary requests"; that the County instituted COVID-19 policies against LVPRI that caused LaPorta's "voluntary resig[nation]"; and that the Police Department arrested him "under a false DUI/drug arrest." (*Id.*) LaPorta invokes 18 U.S.C. § 241, 18 U.S.C. ch. 96, and 42 U.S.C. § 1983, and seeks approximately $12.6 million in damages, reinstatement of the FCC construction permit, and sealing of the state criminal case. (*Id.* at 3.)

The defendants were served in early 2026. (Docs. 11, 12, 15, 25.) On February 23, 2026, the parties stipulated to dismiss CPB from this action. (Docs. 29, 31.) Nevada, Clark County, and the Police Department did not appear, and on February 9, 2026, the Clerk entered default against all three defendants (the "Defaulted Defendants"). (Doc. 17.) LaPorta then moved for default judgment against the Defaulted Defendants. (Docs. 19, 28.) NPR and the SBA appeared on February 18, 2026, and March 25, 2026, respectively, (Docs. 22, 39), and have each moved to dismiss LaPorta's claims for lack of subject matter jurisdiction and failure to state a claim, (Docs. 23, 44). The defaulting defendants have not responded to the motion for default, and the motions to dismiss are fully briefed. (Docs. 32, 34, 45, 46.)

## II. MOTIONS TO DISMISS

### A. Legal Standard

A party may move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The plaintiff bears the burden of establishing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* A factual attack, on the other hand "disputes the truth of the allegations" themselves. *Id.* When a defendant mounts a factual attack, the plaintiff "must support [his] jurisdictional allegations with 'competent proof' . . . under the same evidentiary standard that governs in the summary judgment context," *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted), and courts may weigh evidence beyond the complaint and resolve factual disputes without converting the motion into one for summary judgment, *Safe Air for Everyone*, 373 F.3d at 1039. At the same time, courts liberally construe the pleadings of pro se plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### B. Discussion

NPR and the SBA each move to dismiss the claims against them on jurisdictional grounds, and the SBA supports its motion with a factual attack.[2] (Doc. 23 at 3; Doc. 44 at 5–6; Doc. 44-1.) The jurisdictional challenges fall into two categories: claims brought for harms to LVPRI, a corporation, and claims brought for harms to LaPorta personally. I will address each in turn.

#### 1. Claims Brought on Behalf of LVPRI

Article III standing requires that the plaintiff suffer an injury in fact that is fairly traceable to the defendant's conduct and redressable by a favorable decision from the court.

---

[2] NPR also challenges LaPorta's Complaint under Rule 12(b)(6), for failure to state a claim. Because I find that LaPorta lacks standing to bring any of his claims, I do not reach NPR's 12(b)(6) arguments.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The injury must be personal to the plaintiff; he may not assert standing based on harm to "the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The Ninth Circuit has recognized that a shareholder, even a sole shareholder, generally "does not have standing to redress an injury to the corporation." *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983). "To have standing to maintain an action, a shareholder must assert more than personal economic injury resulting from a wrong to the corporation." *Id.* (citation omitted). Rather, he "must be injured directly and independently of the corporation." *Id.*; *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002) (holding that shareholders cannot bring a § 1983 civil rights action on behalf of a corporation unless they have been injured independently of the corporation).[3]

LaPorta is the former president and CEO of LVPRI, and while he alleges several harms suffered by LVPRI, he does not allege that he was injured "directly and independently of the corporation." *Shell Petroleum*, 709 F.2d at 595. The harms at the heart of LaPorta's claims against the SBA—its refusal to reissue the COVID-19 disaster relief loan and the resulting lapse of the FCC construction permit—are injuries to LVPRI, the corporate entity that held the loan and the permit. *See Huang v. Small Bus. Admin.*, 2023 WL 3028087, *4 (N.D. Cal. Apr. 19, 2023) (dismissing plaintiff's claim based on the denial of a COVID-19 loan by the SBA because the asserted injury ran against the plaintiff's business, not the plaintiff himself). Indeed, the SBA's unrebutted factual showing establishes that the borrower on the loan was LVPRI, not LaPorta. (Doc. 44-1 ¶ 3 (establishing that LVPRI applied for the loan, executed the loan documents through LaPorta "as Officer," received the $95,200 in funds, and repaid them in full on June 30, 2020).) Any claims against the SBA regarding the loan thus belong to LVPRI.[4] *See*

---

[3] Shareholders may bring a derivative action under Rule 23.1 of the Federal Rules of Civil Procedure "to enforce a right that the corporation . . . may properly assert but has failed to enforce." Fed. R. Civ. P. 23.1(a). LaPorta does not bring a derivative action under Rule 23.1.

[4] As the SBA notes, LaPorta's claims seeking a return of the COVID-19 funds are

*Huang*, 2023 WL 3028087 at *4.

As for the claims against NPR, it is not entirely clear from the complaint what injuries LaPorta claims LVPRI suffered as a result of NPR's conduct. To the extent LaPorta alleges that NPR's alleged threats regarding the use of the "Las Vegas Public Radio" name damaged LVPRI's reputation or brand, that injury belongs to LVPRI, the entity using the contested brand name, not LaPorta personally. (*See* Doc. 32-2 at 2 (establishing that LVPRI has a registered mark in "Las Vegas Public Radio").) Nor may LaPorta sue for injuries suffered by LVPRI from the allocation of tax dollars to NPR, because any harm suffered from lack of funding was, again, suffered by LVPRI. And LaPorta's Response, which newly argues that he brings a "Sherman Antitrust Act" claim, also asserts an injury to LVPRI, not LaPorta personally. (Doc. 32 at 3 (arguing that his "former organization," LVPRI, cannot operate" because of NPR's "large national footprint and funding accessibility").)

Finally, LaPorta cannot bring LVPRI's claims "pro se." A corporation cannot appear pro se; it must be represented by counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) ("A corporation must be represented by counsel."). LaPorta is not an attorney and may not represent LVPRI in this matter.

In sum, injuries to LVPRI are not injuries to LaPorta. Because he lacks Article III standing to assert claims premised on harm to LVPRI, I lack subject-matter jurisdiction to adjudicate them. Accordingly, all claims against SBA and NPR asserting harms to LVPRI will be dismissed.

**2. Claims Personal to LaPorta**

To the extent LaPorta alleges that he was personally harmed when NPR received

---

also not redressable. (Doc. 44 at 7–8.) The loan program was terminated in May 2022, so there are no funds to return. (Doc. 44-1 at ¶ 5(c).)

federal tax dollars, and "seeks a claw back of federal taxpayer funds paid to NPR for fiscal years 2017–2022," LaPorta also lacks standing to assert this claim. A taxpayer's generalized interest in ensuring that federal funds are spent lawfully is not a personal, particularized injury under Article III. "As a general matter, the interest of a federal taxpayer in seeing that Treasury funds are spent in accordance with the Constitution does not give rise to the kind of redressable 'personal injury' required for Article III standing." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 599 (2007). LaPorta does not allege any injury suffered by the allocation of federal funds to NPR beyond a generalized implication that the funds were wrongfully allocated. He therefore lacks standing to pursue claims challenging the allocation of federal funds to NPR.

**C. Leave to Amend**

Under Rule 15(a)(2) courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is not required, however, if "amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 726 (9th Cir. 2000). The rule "favoring liberality in amendments to pleadings is particularly important" for pro se litigants. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

I find that amendment of the claims against the SBA and NPR is futile. The claims brought to remedy harms against LVPRI cannot be cured because LaPorta lacks standing to assert them, and the allegation of other facts will not change this fundamental defect. The taxpayer theory against NPR is likewise incurable: no further allegation about the allocation of federal funds to NPR would supply LaPorta the concrete, particularized, and redressable personal injury that Article III demands. Because these defects are jurisdictional and cannot be cured by the allegation of new facts, the claims against NPR and the SBA are dismissed without prejudice and without leave to amend.

**III. DEFAULT JUDGMENT**

LaPorta seeks judgment against the Defaulted Defendants through two filings: a motion for default judgment (Doc. 19), and a motion for summary judgment (Doc. 28).

Both seek the same relief: entry of judgment against the Defaulted Defendants. I will therefore construe the motion for summary judgment as a duplicative motion for default judgment and consider the two together.

### A. Legal Standard

District courts may enter default judgment under Rule 55(b) upon the entry of default by the Clerk of Court. Fed. R. Civ. P. 55(b). Before assessing the merits of a default judgment, courts must confirm that they have jurisdiction over the case and the parties. *Capitol Specialty Ins. Co. v. Chaldean LLC*, 2022 WL 2953062, at *1 n.1 (D. Ariz. 2022). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1098 (9th Cir. 1980). Before granting default judgment, courts must consider the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the Complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### B. Discussion

#### 1. LaPorta's Motion is Inadequate

LaPorta's motion for default judgment is a single paragraph and contains no argument, legal analysis, or citation to legal authority. (*See generally* Doc. 19, 28.) LaPorta does not address whether I have jurisdiction over the Defaulted Defendants or the subject matter of his claims against them, and he addresses none of the *Eitel* factors. He also makes no argument as to the sufficiency of the Complaint's allegations—a matter of particular concern here, for the reasons discussed below. Nor does LaPorta address the amount at stake, argue that any claim is meritorious, or acknowledge—much less overcome—the "general rule that default judgments are ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472; *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016).

In short, LaPorta's motion is deficient and he fails to meet his "burden of

demonstrating . . . that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment." *Szabo v. Sw. Endocrinology Ass'n PLLC*, 2021 WL 3411084, at *2 (D. Ariz. 2021) (denying default judgment because plaintiff "made no effort" to meet its burden); *see also Scribner v. Pollack & Rosen, P.A.*, 2025 WL 3633545, at *3–4 (E.D. Cal. 2025) (denying default judgment where the plaintiff "provide[d] no legal analysis, no argument, and no legal authority in the motion" and collecting similar cases). The motion also violates the District of Arizona's Local Rules, which require that every motion "set[] forth the points and authorities relied upon in support of the motion." LRCiv 7.2(b). LaPorta's failure to support the motion is sufficient grounds for denial.

**2. Jurisdiction & Failure to State a Claim**

I will also deny the motion for default judgment against all three Defaulted Defendants on the merits. LaPorta's claims against Nevada assert only harms against LVPRI. (*See* Doc. 1 at 8 (alleging the state denied LVPRI various grants).) Similarly, at least some of LaPorta's claims against Clark County appear to be brought on behalf of LVPRI. (*Id.* (alleging that Clark County ordered LVPRI to close down during COVID-19).) As discussed above, I lack subject matter jurisdiction over such claims and cannot enter default judgment premised on them. *See supra*, Section II. I will therefore sua sponte dismiss these claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). I will not grant LaPorta leave to amend these claims because any amendment would be futile. *See supra*, Section II(C).

Moreover, default judgment is not appropriate when the underlying complaint is insufficient to state a claim. *See Aldabe*, 616 F.2d at 1092–93 (affirming the district court's denial of default judgment where plaintiff's claims lacked merit); *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (holding "[t]he district court properly refused to grant default judgment" where a plaintiff's complaint was not well-pleaded and instead provided only "legal conclusions" that defendants were "not held to have admitted through default"); *Hatheway v. Defeo*, 2020 WL 1812038, at *2 (D. Ariz. Apr. 9, 2020) (denying default judgment because the plaintiff "failed to state[] a claim upon which relief can be

granted under the second *Eitel* prong").

LaPorta's complaint does not establish the second and third *Eitel* factors. He asserts that he "voluntarily resigned" because of Clark County's COVID-19 Policies and that the Police Department arrested him on "false DUI/Drug charges." (Doc. 1 at 8.) The complaint contains no facts, however, supporting the conclusory statement that the charges were "false," or indicating that his voluntary resignation entitles him to any legal relief. (*See id.* at 8.) Such vague and conclusory statements of wrongdoing cannot support default judgment. *See Hatheway*, 2020 WL 1812038 at *2; *GS Holistic, LLC v. Waleed Smoke Shop Inc.,* 2025 WL 2051093, at *7 (E.D. Cal. July 22, 2025), *report and recommendation adopted*, 2025 WL 2731752 (E.D. Cal. Sept. 25, 2025) (denying default judgment because the plaintiff's complaint was "vague and conclusory" and collecting similar cases). LaPorta's motion for default judgment (Doc. 19) and duplicative motion for summary judgment (Doc. 28) will therefore be denied.

## IV. CONCLUSION

LaPorta's claims against NPR and the SBA seek redress for harm to a corporation he cannot represent pro se, and rest on a generalized taxpayer grievance. He therefore lacks standing to bring them, and I lack subject-matter jurisdiction. Because those jurisdictional defects cannot be cured, the claims against NPR and the SBA are dismissed without prejudice and without leave to amend. I also sua sponte dismiss LaPorta's claims against the State of Nevada and Clark County premised on harms to LVPRI. LaPorta's motion for default judgment fails because he has not met his burden to establish entitlement to default judgment, and his complaint fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED** granting NPR's Motion to Dismiss (Doc. 23) and the SBA's Motion to Dismiss (Doc. 44). All claims against NPR and the SBA are **DISMISSED** without prejudice and without leave to amend for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** dismissing all claims against the State of Nevada for lack of subject matter jurisdiction without prejudice and without leave to amend.

**IT IS FURTHER ORDERED** dismissing all claims against Clark County brought on behalf of LVPRI for lack of subject matter jurisdiction without prejudice and without leave to amend.

**IT IS FURTHER ORDERED** denying LaPorta's Motion for Default Judgment (Doc. 19) and Motion for Summary Judgment (Doc. 28).

**IT IS FINALLY ORDERED** directing LaPorta to show cause, by no later than **October 6, 2026**, why the remainder of his complaint should not be dismissed for failure to state a claim given the defects identified above. The Clerk of Court is directed to terminate this case without further order if LaPorta fails to respond to this order to show cause within the time allowed.

Dated this 21st day of September, 2026.

Honorable Sharad H. Desai
United States District Judge